IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| Jasmine Myrick, ) | |
| ) | |
| Petitioner, ) | **ORDER AND REPORT AND** |
| ) | **RECOMMENDATION** |
| vs. ) | |
| ) | |
| Vance Gillette and the Three Affiliated ) | |
| Tribes, ) | |
| ) | Case No.  4:10-cv-064 |
| Respondent. ) | |

On August 30, 2010, the petitioner, Jasmine Myrick ("Myrick"), filed a petition for habeas corpus relief pursuant to Section 1303 of the Indian Civil Rights Act. Additionally, she filed an application to proceed *in forma pauperis*. Although not entirely clear, it appears that she is challenging the validity of the tribal court's order involuntary in civil commitment proceedings and child custody determinations. For the reasons set forth below, the undersigned grants Myrick's application to proceed in forma pauperis and further recommends that the petition be denied without prejudice.

I.   **BACKGROUND**

According to Myrick's petition, five judgments were entered against her in tribal court between May 29, 2010, and August 25, 2010, in case numbers CV2010-31, CV2010-314, and CR-2010-0919. It appears she was sentenced on August 25, 2010, to sixty days in jail (in addition to the eighteen days she had already spent in tribal custody).[1] That same day she filed with the tribal

---

[1]Myrick initially states in her petition that she is challenging five judgments of conviction that were entered on the following dates in tribal court: May 29, 2010; June 2, 2010; June 8, 2010; July 29, 2010; August 18, 2010; and August 25, 2010. However, she later intimates that there have been no criminal convictions and that she has repeatedly been taken into custody and ordered to submit to drug and alcohol treatment under the guise of  civil

1

court a "Motion to Vacate orders for Treatment and Orders Custody in case #CV2010-301" along with a "Demand for Change of Judge on Judge Vance Gillette." See Docket No. 2. In addition, she filed an application for a writ of habeas corpus wherein she asserted that she had been detained by Respondents and ordered to submit drug and alcohol treatment in violation of Tribal law and the Indian Civil Rights Act, 25 U.S.C. § 1302(2) and (8).

In the petition now before this court Myrick contends that she was denied due process by the Respondents to the extent that: (1) she did not receive proper notice of tribal court hearings and/or involuntary civil commitment proceedings; (2) she was not advised of her rights during tribal court proceedings; (3) the presiding tribal judge was neither neutral nor detached; (3) she was unlawfully seized and held against her will at the New Hope Treatment Center in Minot, North Dakota, where she participated in a court-ordered drug and alcohol treatment program that she contends was not necessary or otherwise warranted under the circumstances; and (4) her children were placed into custody of private third parties without a lawful order. Specifically, she alleges:

> [Myrick] has never been served with a copy of the petition and affidavits for involuntary commitment for alcohol and or mental health (unspecified as to one or both in the paperwork) filed with the court on May 28, 2010 so that she could challenge the probable cause, cause the Tribe to meet their burden of proof in the involuntary commitment proceedings and defendant against the allegations contained therein. The Tribal Judge Vance Gillette commingled actions and removed [Myrick's] children without notice to her or their father. She has not been served with any petitions against her to remove custody of her children from her, and she has not been advised of her rights in any of the Tribal proceedings including the involuntary commitment or the criminal arraignment, including her right to obtain independent legal counsel or to have the tribe meet their burden of proof as the judge has been acting ex parte and in the position of prosecutor.
>
> * * *
>
> This is a "political" case as the chief judge Vance Gillette has been acting against the

---

commitment proceedings. Seeing as her petition does contain references to what appear to be civil cases, the undersigned construes her petition as a challenge the validity of the tribal court's involuntary civil commitment proceedings and child custody orders absent other information.

> Petitioner Jasmine Myrick to politically appease the tribal court Petitioners since they are the aunt and uncle of Mervin Packineau, chairman of the Three Affiliated Tribes Judicial Committee. The Judicial Committee has significant control over the chief judges employment. There has been no attempt to hide the fact that despite the lack of proof in this case the tribal Petitioners have had immediate access and relief from the Chief Judge as evidenced by the orders he has issued against Petitioner Jasmine Myrick. Despite the fact that she was taken into custody of the jail and transported by corrections staff to Trinity Hospital and discharged with recommendations, Tribal agents have continued to violate her liberty by repeated detention orders to force her into treatment despite professional recommendations stating otherwise, further the Tribe and its agents have sentenced her for sixty days in a treatment center despite th lack of proof that she requires that intervention.

(Docket No. 2). She seeks, inter alia, her immediate release from the New Hope Treatment Center along with an order from this court vacating the tribal court's order "for treatment and custody." She concedes that she has not petitioned the tribal appellate court for relief. However, she maintains that requiring her to do so would be an exercise in futility. Specifically, she contends:

> The Tribe does have an appellate court for the Three Affiliated Tribes but it does not have jurisdiction to grant habeas relief, there is no other court except the trial court which has refused to assign/docket the case. Further the Appellate court for the Three Affiliated Tribes has not been functioning and Jasmine Myrick will not be able to have a review of her case in a timely manner and certainly not within sixty days.

(Docket No. 2). However, she has presented the court with no evidence or authority to support these contentions.

## II.   DISCUSSION

The Indian Civil Rights Act provides: "The privilege of the writ of habeas corpus shall be available to any person in a court of the United States to test the legality of his detention by order of an Indian tribe." 25 U.S.C. § 1303. The Eighth Circuit has held that "as a matter of comity . . . tribal remedies must ordinarily be exhausted before a claim is asserted in federal court under the Indian Civil Rights Act; however, the requirement is not an inflexible one." Necklace v. Tribal Court of Three Affiliated Tribes, 554 F.2d 845, 846 (8th Cir. 1977) (citing Rosebud Sioux Tribe of

South Dakota v. Driving Hawk, 534 F.2d 98, 101 (8th Cir. 1976); Janis v. Wilson, 521 F.2d 724, 726-27 (8th Cir. 1975); O'Neal v. Cheyenne River Sioux Tribe, 482 F.2d 1140, 1144-48 (8th Cir. 1973)); LaVallie v. Turtle Mountain Tribal Court, 2006 WL 1069704, *2 (D.N.D. 2006); Donnell v. Red Lake Tribe, 2005 WL 2250767, *3-4 (D. Minn. 2005). The rationale behind tribal exhaustion is "that Congress is committed to a policy of supporting tribal self-government and self-determination." National Farmers Union Ins. Cos. v. Crow Tribe of Indians, 471 U.S. 845, 856 (1985). "Tribal courts play a vital role in tribal self-government, and the Federal Government has consistently encouraged their development." Duncan Energy Co. v. Three Affiliated Tribes of Fort Berthold Reservation, 27 F.3d 1294, 1299 (8th Cir. 1994) (citing Iowa Mutual Ins. Co. v. LaPlante, 480 U.S. 9, 14 (1987)).

In the past, this court has required that persons seeking habeas relief under § 1303 exhaust tribal court remedies prior to seeking habeas relief under § 1303. LaVallie v. Turtle Mountain Tribal Court, supra; Gillette v. Marcellais, 2004 WL 2677268 (D.N.D. 2004). Based on the foregoing, there does not appear to be a basis in this case for bypassing this requirement.[2] The court should therefore require Myrick to exhaust her tribal court remedies by seeking relief from the tribal appellate court.

### III.   CONCLUSION AND RECOMMENDATION

The undersigned **GRANTS** Myrick's application to proceed *in forma pauperis* (Docket No. 1*)* and waives her filing fee. The undersigned further recommends that Myrick's petition (Docket No. 3) be **DENIED** without prejudice to a later refiling after available tribal remedies have

---

[2] As an aside, it is also worth noting that "habeas corpus relief under 25 U.S.C. § 1303 is generally not available to challenge the propriety or wisdom of a tribal court's decision in a child custody dispute." Azure-Lone Fight v. Cain, 317 F. Supp. 2d 1148, 1150 (D.N.D. 2004).

been exhausted or Myrick is able to demonstrate exhaustion would be futile.  Myrick's mere the statement that the tribal appellate court is not functioning or lacks jurisdiction, without more, does not suffice for purposes of demonstrating futility.

## NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

or opportunity to respond.

**IT IS SO ORDERED.**

Dated this 2nd day of September, 2010.

>  */s/  Charles S.  Miller, Jr.*
> Charles S.  Miller, Jr.
> United States Magistrate Judge